IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CASE NO.: 23-928

| | |
|---|---|
| 978 TECH N.V., a company | : |
| | : |
| First Plaintiff | : |
| | : |
| v. | : |
| | : |
| 8XBET.KIM, a business | : |
| | : |
| First Defendant | : |
| | : |
| | : |
| 8XBET.MAX, a business | : |
| | : |
| Second Defendant | : |
| | : |
| | : |
| 8XBET.LTD, a business | : |
| | : |
| Third Defendant | : |
| | : |
| | : |
| 8XBETT.ART, a business | : |
| | : |
| Fourth Defendant | : |
| | : |
| | : |

| | |
|---|---|
| GOOGLE LLC, a Company | : |
| | : |
| Second Defendant | : |
| | : |
| _____ | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

The Plaintiff, 978 TECH N.V., represented by Plaintiff's Chief Executive Office, Ryan Li, on personal knowledge as to their own actions and on information and belief as to the actions, capabilities, and motivations of others, hereby alleges as follows:

## NATURE OF CASE

1. Pursuant to 17 U.S. Code § 502 and § 512 ("DMCA" or the "Digital Millennium Copyright Act"), the Plaintiff seek to protect themselves from the illegal, improper, unethical, and unfair actions of the First Defendant, 8xbet.kim ("First Defendant" or "8xbet.kim), Second Defendant, 8xbet.max ("Second Defendant" or "8xbet.max"), Third Defendant, 8xbet.ltd ("Third Defendant" or "8xbet.ltd"), Fourth Defendant, 8xbett.art ("Fourth Defendant" or "8xbett.art"), the Fifth Defendant, Google LLC ("Second Defendant" or "Google") due to the first four Defendants' unlawful use of 8xbet's trademark and copyright-protected material created by the Plaintiff, published on 8xbet's website at the following URLs: https://8xbet.com/ and https://8xbet999.com/ ("8xbet's website").

2. "Service providers" as defined in the DMCA are required to implement and maintain a policy that provides for the termination of accounts that infringe upon the rights of copyright holders, in order to maintain the safe harbor provisions afforded by the DMCA from copyright infringement claims that the service providers would otherwise enjoy. This requirement is designed to effectuate one of the purposes of the DMCA "Those who repeatedly or flagrantly abuse their access to the Internet through disrespect for the intellectual property rights of others should know that there is a realistic threat of losing access." H.R. Rep. No. 105-551, pt. 2, at 61.

3. In order for a service provider to rely on the safe harbor provisions of the DMCA it cannot permit, participate, enable, or profit from such infringement, and, by permitting the proliferation of copyright-

protected content of third parties, it makes those service providers liable for contributory and vicarious liability.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6.      In addition, a significant number of the website images and trademark created by the Plaintiff, are unlawfully marketed by the first four Defendants through their websites situated at the following URLs: https://8xbet.kim/, https://8xbetmax.com/, https://8xbet.ltd/, and https://8xbett.art/, accordingly, the acts of infringement perpetrated by these Defendants are only able to find a market due to their website.

7.      8xbet.kim and 8xbet.max has consented to the jurisdiction of the abovementioned court by way of a counter-notice sent in terms of 17 U.S.C § 512 (g)(3) ("the counter-notice"). Copies are contained herewith marked "**Exhibit A**" and "**Exhibit B**".

8.      The Fifth Defendant is an American multinational technology company that provides search and advertising services on the internet. In addition, the first four Defendants' website which is a client on the Fifth Defendant's platform receives a significant amount of traffic from customers residing within this judicial district, who may have unknowingly used services, which was made available by the Fifth Defendant on the platform provided, for the infringing content to be hosted.

9.      Venue in this District is proper under 28 U.S.C § 1391 (b),(c),(d), and/or 28 U.S.C § 1400(a). The Third Defendant conducts its business in this District, *id* § 1391(c)(3).

## THE PARTIES

10.     The Plaintiff, 978 Tech N.V., is a natural individual who owns 8xbet, with a place of business at Heelsumstraat 51, Curacao. 8xbet is an online gambling site in Asia that provides a variety of game products such as sports betting, fixed betting markets, live casino, and slot games. In addition, 8xbet is an official partner of Manchester City Football Club (MCFC) in which legend Teddy Sheringham is the brand

ambassador. 8XBet owns the rights to MCFC's logo images, their players' images, and Teddy's photoshoot images.

11. The First Defendant is a party only known to the Plaintiff as 8xbet.kim, a business whose business is duly registered in accordance with the laws of the Republic of Vietnam having its registered address at 02, Spinola Road, St. Julians STJ3014, Malta.

12. The Second Defendant is a party only known to the Plaintiff as 8xbet.max, a business whose business is duly registered in accordance with the laws of the Republic of Vietnam having its registered address at 13 Long Bien 1, Ngoc Lam, Long Bien, Hanoi, Vietnam 10000, Vietnam.

13. The Third Defendant is a party only known to the Plaintiff as 8xbet.ltd, a business whose business is duly registered in accordance with the laws of the Republic of Vietnam having its registered address at 13 Long Bien 1, Ngoc Lam, Long Bien, Hanoi, Vietnam 10000, Vietnam.

14. The Fourth Defendant is a party only known to the Plaintiff as 8xbett.art, a business whose business is duly registered in accordance with the laws of the Republic of Vietnam having its registered address at L6 Street No. 36, Ward 6, District 4, Ho Chi Minh City, Vietnam.

15. The Fifth Defendant, Google, is a global technology company that provides internet related services and products including advertising, search engines, platforms and operating systems, software, and hardware products, having its principal and registered office located in Mountain View, California, the US.

## FACTS AND BACKGROUND

16. The Plaintiff, as an online gambling company, invest significant sums of time and money in the conceptualization and creation of their products and services, marketing materials such as their website, photoshoot images, and trademark which it sells, markets, and distributes through the 8xbet official website. ("8xbet's content").

17. The concepts of 8xbet's content entails the services, events, and success of 8xbet and Manchester City Football Club (MCFC). The images, videos, graphics, text, and other content are often expressed through the creation of works based on news and current events, which can commonly be attributed to or are the embodiment of the abovementioned concepts.

18.     8xbet's content is available for distribution throughout the world and approximately 30,000 customers visiting 8xbet's website on a monthly, consistent, and ongoing basis.

First Defendant's Infringing Conduct on Google

19.     8xbet's content was unlawfully published on the 8xbet.kim's website and hosted by Google at the following URL: https://8xbet.kim/ ("the 8xbet.kim website").

20.     The Plaintiff identified no less than 16 pieces of 8xbet's content that were directly copied, by 8xbet.kim, from 8xbet's website or any one of the online marketplaces through which 8xbet's content is distributed ("the infringing content"). 8xbet.kim made absolutely no attempt to contact 8xbet to obtain consent or negotiate a licensing agreement for the use of the copyright-protected material.

21.     The following table contains links to the Plaintiff' original content and the 16 infringing links that to date one of which is still published on the 8xbet.kim website:

| No. | Title of Original Work | Link to Authorized Use of Content Owned by 978 Tech N.V. of 8xbet | Link to Infringing Content Distributed through 8xbet.kim |
|---|---|---|---|
| 1. | 8xbet Trademark (wordmark and image logo) | https://8xbet999.com/ | https://8xbet.kim/ |
| | | | https://8xbet.kim/huong-dan/ |
| | | | https://8xbet.kim/da-ga-8xbet/ |
| | | | https://8xbet.kim/khuyen-mai-8xbet/ |
| | | | https://8xbet.kim/xo-so-8xbet/ |
| | | | https://8xbet.kim/the-thao-8xbet/ |
| | | | https://8xbet.kim/ban-ca-8xbet/ |
| | | | https://8xbet.kim/soi-keo-giai-ma/ |
| | | | https://8xbet.kim/soi-keo-giai-ma/page/2/ |
| | | | https://8xbet.kim/soi-keo-giai-ma/page/3/ |

|  |  |  | https://8xbet.kim/soi-keo-giai-ma/page/4/ |
|---|---|---|---|
|  |  |  | https://8xbet.kim/soi-keo-giai-ma/page/5/ |
|  |  |  | https://8xbet.kim/soi-keo-giai-ma/page/5/ |
| 2. | 8xbet Website Images | https://8xbet999.com/ | https://8xbet.kim/ |
|  |  |  | https://8xbet.kim/huong-dan/ |
|  |  |  | https://8xbet.kim/khuyen-mai-8xbet/ |
|  |  |  | https://8xbet.kim/xo-so-8xbet/ |
|  |  |  | https://8xbet.kim/the-thao-8xbet/ |

22. Specific instances of copyright infringement are contained herewith in "**Exhibit C**".

23. On Monday, 12 June 2023, a copyright infringement report was submitted in terms of Title 17 U.S.C 512 (c)(1)(a)(iii) ("Google's Copyright Infringement Abuse Form"), to Google, the company listed as the duly authorized web hosting service.

24. On Monday, 26 June 2023, Google confirmed through email that one (1) of the eight (8) reported infringing links from 8xbet.kim's website had been removed from Google search results.

25. On or around 07 July 2023, the Plaintiff provided the Second Defendant with additional information regarding the infringing links identified on the First Defendant's website and requested that they be removed. Subsequently, the Second Defendant notified the Plaintiff that the remaining links had been effectively removed from the global search results.

26. On 11 July 2023, 8xbet.kim submitted a letter to Google (referred to as "the counter notice") regarding the infringing links that the Plaintiff had identified on Google and which had been confirmed to have been removed from Google search results.

27. Due to the existence of a counter-notice provided by 8xbet.kim, it was determined that the infringing links had been reposted on or around 25 July 2023 which occasioned these proceedings.

Second Defendant's Infringing Conduct on Google

28.     8xbet's content was unlawfully published on the 8xbet.max's website and hosted by Google at the following URL: https://8xbetmax.com/ ("the 8xbet.max website").

29.     The Plaintiff identified no less than 13 pieces of 8xbet's content that were directly copied, by 8xbet.kim, from 8xbet's website or any one of the online marketplaces through which 8xbet's content is distributed ("the infringing content"). 8xbet.kim made absolutely no attempt to contact 8xbet to obtain consent or negotiate a licensing agreement for the use of the copyright-protected material.

30.     The following table contains links to the Plaintiff' original content and the 13 infringing links that to date one of which is still published on the 8xbet.kim website:

| No. | Title of Original Work | Link to Authorized Use of Content Owned by 978 Tech N.V. of 8xbet | Link to Infringing Content Distributed through 8xbet.max |
|---|---|---|---|
| 1. | 8xbet Trademark (wordmark and image logo) | https://8xbet999.com/ | https://8xbetmax.com/ |
|  |  |  | https://8xbetmax.com/gioi-thieu-8xbet/ |
|  |  |  | https://8xbetmax.com/xo-so-8xbet/ |
|  |  |  | https://8xbetmax.com/the-thao-8xbet/ |
|  |  |  | https://8xbetmax.com/casino-online-8xbet/ |
|  |  |  | https://8xbetmax.com/top-nha-cai/ |
|  |  |  | https://8xbetmax.com/da-ga-8xbet-2/ |
|  |  |  | https://8xbetmax.com/blog-8xbet/ |
|  |  |  | https://8xbetmax.com/lien-he-8xbet/ |
| 2. | 8xbet Website Images | https://8xbet999.com/ | https://8xbetmax.com/ |
|  |  |  | https://8xbetmax.com/gioi-thieu-8xbet/ |
|  |  |  | https://8xbetmax.com/xo-so-8xbet/ |

| | | | https://8xbetmax.com/the-thao-8xbet/ |
|---|---|---|---|

31. Specific instances of copyright infringement are contained herewith in "**Exhibit D**".

32. On Monday, 15 May 2023, a copyright infringement report was submitted in terms of Title 17 U.S.C 512 (c)(1)(a)(iii) ("Google's Copyright Infringement Abuse Form"), to Google, the company listed as the duly authorized web hosting service.

33. A signed letter of authorization was submitted to Google shortly after, on May 17, 2023, as requested by the Google Team.

34. Furthermore, as per Google's email notification, the infringing content was disabled in all regions until 19 July 2023, when 8xbet.max sent a letter to Google (referred to as "the counter notice") detailing the infringing links that the Plaintiff had identified on Google. On July 26, 2023, the same email notification advising the Plaintiff of the counter-notice was sent.

35. Due to the existence of a counter-notice provided by 8xbet.max, it was determined that the infringing links had been reposted on or around 02 August 2023 which occasioned these proceedings, in which on the same day, Google has notified the Plaintiff that the infringing links have been reinstated.

Third Defendant's Infringing Conduct on Google

36. 8xbet's content was unlawfully published on the 8xbet.ltd's website and hosted by Google at the following URL: https://8xbet.ltd/ ("the 8xbet.ltd website").

37. The Plaintiff identified no less than 2 pieces of 8xbet's content that were directly copied, by 8xbet.ltd, from 8xbet's website or any one of the online marketplaces through which 8xbet's content is distributed ("the infringing content"). 8xbet.ltd made absolutely no attempt to contact 8xbet to obtain consent or negotiate a licensing agreement for the use of the copyright-protected material.

38. The following table contains links to the Plaintiff' original content and the 2 infringing links that to date one of which is still published on the 8xbet.ltd's website:

| No. | Title of Original Work | Link to Authorized Use of Content Owned by 978 Tech N.V. of 8xbet | Link to Infringing Content Distributed through 8xbet.ltd |
|---|---|---|---|
| 1. | 8xbet Trademark (wordmark and image logo) | https://8xbet999.com/ | https://8xbet.ltd/ |
| 2. | 8xbet Website Images | https://8xbet999.com/ | https://8xbet.ltd/ |

39. Specific instances of copyright infringement are contained herewith in "**Exhibit E**".

40. On Monday, 17 July 2023, a copyright infringement report was submitted in terms of Title 17 U.S.C 512 (c)(1)(a)(iii) ("Google's Copyright Infringement Abuse Form"), to Google, the company listed as the duly authorized web hosting service.

41. Fllowing that, on July 19, 2023, a signed letter of authorization was submitted to the Google Team, as requested on July 18, 2023. The reported content was rejected and the Plaintiff provided more information about the infringing material found on 8xbet.ltd's website.

42. The persistent posting of the Plaintiff's content on the Third Defendant's website, even in the lack of a counter notice, resulted in these proceedings.

Fourth Defendant's Infringing Conduct on Google

43. 8xbet's content was unlawfully published on the 8xbett.art's website and hosted by Google at the following URL: https://8xbett.art/ ("the 8xbett.art website").

44. The Plaintiff identified no less than 8 pieces of 8xbet's content that were directly copied, by 8xbett.art, from 8xbet's website or any one of the online marketplaces through which 8xbet's content is distributed ("the infringing content"). 8xbett.art made absolutely no attempt to contact 8xbet to obtain consent or negotiate a licensing agreement for the use of the copyright-protected material.

45. The following table contains links to the Plaintiff' original content and the 8 infringing links that to date one of which is still published on the 8xbett.art's website:

| No. | Title of Original Work | Link to Authorized Use of Content Owned by 978 Tech N.V. of 8xbet | Link to Infringing Content Distributed through 8xbett.art |
|---|---|---|---|
| 1. | 8xbet Trademark (wordmark and image logo) | https://8xbet999.com/ | https://8xbett.art/<br>https://8xbett.art/keo-bong-da/<br>https://8xbett.art/casino/<br>https://8xbett.art/game-bai/<br>https://8xbett.art/xo-so-8xbet/<br>https://8xbett.art/slot-game-8xbet/<br>https://8xbett.art/tin-tuc/ |
| 2. | 8xbet Website Images | https://8xbet999.com/ | https://8xbett.art/keo-bong-da/ |

46. Specific instances of copyright infringement are contained herewith in "**Exhibit F**".

47. On Saturday, 08 July 2023, a copyright infringement report was submitted in terms of Title 17 U.S.C 512 (c)(1)(a)(iii) ("Google's Copyright Infringement Abuse Form"), to Google, the company listed as the duly authorized web hosting service.

48. On or about Wednesday, July 26, 2023, the Google Team reinstated one of the reported links.

49. These proceedings have been initiated as a result of the ongoing publishing of the Plaintiff's content on the Fourth Defendant's website, notwithstanding the absence of a counter notice.

Grounds for Injunction against the First Defendant

50. The infringing links of the Defendants, more specifically made reference to in Paragraph 20 above contained original works of authorship constituting a pictorial or graphic work, as defined at 17 U.S. Code § 102 (a)(2) of the Copyright Act. 8xbet's content is original unique intellectual property, published in a fixed tangible medium of expression, and can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, and, accordingly meets the definition of which is a subject matter capable of copyright protection in terms of 17 U.S. Code § 102 (a).

51. In terms of 17 U.S. Code § 101 "Publication" includes a public performance or display of the work itself, whereby, it is displayed at a place open to the public or transmitted or otherwise communicate a display of the work to the public, by means of any device or process, whether the members of the public capable of receiving the display can receive it in the same place or in separate places and at the same time or different times.

52. In terms of Title 17 US Code § 106 (1) and 17 US Code § 106 (3) only the owner of a valid copyright notice has the right to reproduce and distribute copies of a copyrighted work to the public and in terms of Title 17 U.S. Code § 501 anyone who violates any of the exclusive rights of the copyright owner is an infringer of copyright.

53. In terms of the above definition, 8xbet is the legal owner of the copyright in 8xbet's content published on and distributed through 8xbet's website. The First Plaintiff, 978 Tech N.V., is the only party legally capable of reproducing and distributing 8xbet's content. The Defendants by reproducing 8xbet's content which constitutes pictorial or graphic works owned by the Plaintiff, through the copying and publishing of 8xbet's content on the infringing website, is an infringing party as defined in Title 17 U.S. Code § 501.

54. The above Honorable court is empowered by Title 17 U.S. Code § 502(a) to grant temporary injunctions on such terms as it deems reasonable against the First Defendant.

<u>Grounds for Injunctive Relief against the Second Defendant</u>

55. For the purpose of prolixity, the Plaintiff repeat and reallege every allegation contained in Paragraphs 1 to 28 as if fully set forth herein

56. The Plaintiff do not claim any monetary remedies against Google in this matter and the scope of the relief requested by the Plaintiff against the Second Defendant is in terms of Title 17 U.S. Code § 502(j)(1)(A)(i) and (ii) which specifically empowers the court to i) restrain the service provider from providing access to infringing material or activity residing at a particular online location on the provider's system or network and/or (ii) restrain the service provider from providing access to a subscriber or account holder of the service provider's system or network who is engaging in infringing activity and is identified by the order, by terminating the accounts of the subscriber or account holder that are specified in the order.

**Claim for Relief**

Case 1:23-cv-00928-UNA   Document 1   Filed 08/24/23   Page 12 of 13 PageID #: 12

## Direct Infringement of Copyright
## (Against All Defendants)

57. The Plaintiff repeat and reallege every allegation contained in paragraphs 1 to 32 as if fully set forth herein.

58. The Plaintiff have properly registered, owned, or controlled the copyrights in respect of 8xbet's content and 8xbet's website.

59. Without any authorization from the Plaintiff, or right under the law, the First Defendant has unlawfully distributed 8xbet's content by transmitting unauthorized copies of those works to users in violation of the Copyright Act, 17 U.S.C § 106.

60. The foregoing acts have been intentional, willful, and purposeful in disregard of and indifferent to the Plaintiff' rights.

61. The Sixth Defendant is a service provider as defined in Title 17 U.S. Code § 101 as it is "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received" and "a provider of online services or network access, or the operator of facilities therefore and is jointly and severally liable for any legal relief which the Plaintiff may be entitled to against the Defendants in terms of 17 U.S. Code § 512.

62. As a direct and proximate result of the Defendants' infringement of the Plaintiff' exclusive rights under copyright, the Plaintiff are entitled to damages as well as the First Defendant's profits pursuant to 17 U.S.C. § 504(b).

63. Alternatively, the Plaintiff are entitled to the maximum statutory damages, in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c) or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

64. The Plaintiff are further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

;

65. That the Court those in privity with, working with, or providing goods or services of any kind to Defendants and those with notice or receipt of the injunction, including any Internet search engines,

domain name registrars, domain name registries, Internet Service Providers, web hosts, web designers, back-end service providers, social media platforms and other third party platforms, such as Shopify Inc., GoDaddy.com, LLC, Facebook, Inc. (now Meta Platforms, Inc.), Yodle, EURID.EU, and Cloudflare, Inc., shall (a) be and are restrained and enjoined from facilitating access to any and all websites and accounts through which Defendants engage in the infringing use of 8xbet's content, (c) be ordered to provide any and all identification, contact, and registration information associated with the 8xbet website; and (d) be ordered to produce any and all documents and electronically stored information regarding access, download, and visitors to the 8xbet Website and sales of all products through the 8xbet Website.

66. Because of the exceptional nature of this case resulting from Defendants' deliberate and willful infringing actions, this Court awarded to 8xbet all reasonable attorney's fees, cost, and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505:

67. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause the Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money. The Plaintiff have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, the Plaintiff are entitled to a preliminary and permanent injunction prohibiting further infringements of its copyright and exclusive rights under copyright.

WHEREFORE, The Plaintiff pray for judgment against the Defendants as follows:

A. For a preliminary and permanent injunction enjoying the Defendants and their respective officers, agents, servants and employees, and attorneys, and all persons in active concert or participation with each or any of them, from directly committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of the Plaintiff' works.

B. For all damages to which the Plaintiff may be entitled, including the First Defendant's profits, in such amounts as may be found. Alternatively, at the Plaintiff' election, for statutory damages in the maximum amount allowed by law.

C. For prejudgement interest according to law.

D. For Plaintiff' attorneys' fees, and full costs and disbursements in this action.

E. For such other and further relief as the Court may deem appropriate and just.

Dated: 26 July, 2023

By:_____
978 TECH N.V.